UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN O'TOOLE, et al.,

Plaintiffs,

v.

CITY OF ANTIOCH, et al.,

Defendants.

_______________________________________/

No. C 11-1502 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING**

Before the court is plaintiffs' motion for leave to file a second amended complaint. The court finds the matter suitable for disposition without a hearing, and hereby VACATES the October 22, 2014 hearing on plaintiffs' motion. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part plaintiffs' motion as follows.

As currently pled in the operative first amended complaint ("FAC"), this case arises out of four police searches conducted at the residences and/or businesses of the five current plaintiffs; namely, Sean O'Toole, Kelley O'Toole, Steven Daniel Lee, Jennifer Lynn Curtis, and Jack Foster. These searches occurred June 2007 and January 2010.

Plaintiffs' motion does not explain the nature of the amendments contained in their proposed second amended complaint ("SAC"), but the court's own comparison of the FAC and the proposed SAC indicates that plaintiffs' proposed additions fall into three categories: (1) the addition of new claims under 42 U.S.C. § 1983 ("section 1983") and 18 U.S.C. § 1964(c) (the "civil RICO" provision) related to five new police searches, involving nine new

plaintiffs[1], that occurred between August 2008 and March 2010; (2) the addition of new claims under section 1983 for malicious prosecution and retaliatory prosecution, brought by current plaintiff Steven Daniel Lee; and (3) the addition of new defendants Matthew Koch, Michael Mortimer, and Desmond Bittner, against whom claims are brought under section 1983 and the civil RICO provision.[2]

Fed. R. Civ. P. 15(a) requires that a plaintiff obtain either consent or leave of court to amend his complaint once the defendant has answered, but "leave shall be freely given when justice so requires." See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily permitted unless the amendment is futile, untimely, would cause undue prejudice to the defendant, or is sought by plaintiff in bad faith or with a dilatory motive. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987); Foman v. Davis, 371 U.S. 178, 182 (1962).

The bulk of the parties' arguments relate to category (1) of the proposed amendments, so the court will address that category first. Defendants argue that the proposed amendments are futile, as the new claims are time-barred, and that the proposed amendments would cause prejudice. As to futility, the court observes (and plaintiffs do not appear to dispute) that plaintiffs' newly-proposed claims would ordinarily be time-barred under the relevant statutes of limitations. As mentioned above, the new claims arise out of events that occurred between August 2008 and March 2010, and plaintiffs' newly-proposed

---

[1]The nine new proposed plaintiffs are Angelita Baldazo-Ortega, Charles "Chucky" Michael Ortega, Ralph Howard, Mark Fernandez, Stephanie Lynn Rangel, Renee Earle, Gabriel Iniguez, Michelle Iniguez, and Randy Lewis Decker.

[2]The court also notes an addition which may or may not have been inadvertent; namely, the addition of defendants City of Antioch and Antioch Police Department on plaintiffs' civil RICO claim. Plaintiffs do not mention this addition in their motion, and the court fails to see how plaintiffs can plausibly argue that these entity defendants are "persons" within the meaning of the statute. Thus, to the extent that plaintiffs seek to add the City of Antioch and Antioch Police Department to their civil RICO claim, the motion is denied.

claims are brought under either 42 U.S.C. § 1983 (which has a two-year statute of limitations)[3] or under 18 U.S.C. § 1962(c) (which has a four-year statute of limitations).

Despite the statute of limitations, plaintiffs argue that their proposed new claims are not time-barred (and thus amendment would not be futile) because they are based on the same "conduct, transaction, or occurrence" as the claims in the original complaint, and thus relate back to that filing date. Specifically, plaintiffs claim that the new allegations and claims "do[] not change the nature of the lawsuit," as they "arise from similar conduct of the same officers who have conspired to violate the civil rights of the previously named plaintiffs and the newly-added plaintiffs."

However, in their reply, plaintiffs appear to admit that the previous statement is somewhat of an exaggeration. Of the five new incidents alleged in the proposed SAC, plaintiffs argue the following: (1) one of the incidents involved current defendants James Wisecarver and Joshua Vincelet, (2) a second of the incidents involved current defendant Wisecarver, and (3) a third incident involved "no officers [who] were specifically named, but the incident did occur in the City of Antioch and the conduct included theft at gunpoint during the same time frame as alleged in the other incidents involving Wisecarver and Vincelet and so the City can be said to have sufficient notice of the second amended cause of action." Dkt. 77 at 7. Plaintiffs make no mention of the two remaining incidents that they wish to add to the complaint.

The court finds that plaintiffs have not shown that the proposed SAC's new allegations and claims are based on the same "conduct, transaction, or occurrence" as the claims in the original complaint. For two of the five newly-alleged incidents, plaintiffs' papers do not make any argument that they are based on the same conduct, transaction, or occurrence – and indeed, those two incidents are not mentioned at all. Thus, the court

[3]Specifically, claims under section 1983 are subject to the forum state's statute of limitations for personal injury actions, which in California, is two years. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

has no basis on which to find that these two incidents "relate back" to the complaint's original filing date.

For a third incident, plaintiffs rely on mere speculation that some of the same defendant officers may have been involved, arguing that the incident occurred "during the same time frame as alleged in the other incidents involving Wisecarver and Vincelet." The fact that this incident occurred "during the same time frame" as incidents alleged in the original complaint is not enough to trigger the "relation back" doctrine.

Finally, even for the two incidents for which plaintiffs allege that Wisecarver and/or Vincelet were involved, plaintiffs have not alleged that the two newly-pled search incidents were part of the same "conduct, transaction, or occurrence" as the incidents pled in the original complaint, but only that the incidents involved one or two of the same defendants. However, the "relation back" doctrine does not apply where a plaintiff alleges different conduct by the same defendant.

Thus, because the claims related to these five newly-alleged searches do not relate back to the filing of the original complaint, the claims are time-barred, and thus, any amendment to add them to the complaint would be futile. On that basis alone, plaintiffs' motion to add these new claims must be DENIED. The court also finds that defendants would be prejudiced by the addition of claims related to these five searches, as defendants lacked notice of the need to collect and preserve evidence (including the recollections of officers and witnesses) related to the incidents.

Thus, for the reasons stated above, plaintiffs' motion for leave to file a second amended complaint is DENIED to the extent that it seeks to add Angelita Baldazo-Ortega, Charles "Chucky" Michael Ortega, Ralph Howard, Mark Fernandez, Stephanie Lynn

Rangel, Renee Earle[4], Gabriel Iniguez, Michelle Iniguez, and Randy Lewis Decker as plaintiffs, and to assert claims on their behalf.

Here, the court notes some overlap with category (3) of plaintiffs' proposed amendments. The allegations regarding proposed defendant Mortimer arise out of a search conducted on proposed plaintiffs Angelita Baldazo-Ortega and Charles "Chucky" Michael Ortega. Thus, because the motion to add the Ortegas as plaintiffs is denied, the motion to add defendant Mortimer must also be denied. In addition, plaintiffs allege that proposed defendant Koch was involved in the search of proposed plaintiff Decker. Because the motion to add Decker as a plaintiff is denied, the motion to add defendant Koch to claims related to that search must also be denied (however, Koch is also alleged to have been involved with the search of current plaintiffs Sean O'Toole, Kelley O'Toole, and Steven Daniel Lee, so the court will more fully address the proposed addition of Koch as a defendant below).

Category (2) of the proposed amendments seeks to add claims relating to the alleged malicious prosecution and retaliatory prosecution of current plaintiff Steven Daniel Lee. Plaintiffs argue that Lee was prosecuted based on items that were uncovered during the search described in the original complaint. The court thus finds that Lee's proposed claims arise out of the same conduct, transaction, or occurrence as alleged in the original complaint, and thus, his claims relate back to that date. However, the court notes that the proposed SAC does not specifically identify the defendants against whom these claims are asserted. See Proposed SAC (Dkt. 61-3), ¶¶ 188, 190 (alleging that "defendant officers and Does 1 through 20" violated section 1983). In other parts of the proposed SAC, plaintiffs specifically identify only defendants Vincelet and Aiello as being involved in the alleged malicious/retaliatory prosecution. See id., ¶¶ 121-125.

---

[4]With regard to proposed plaintiff Earle, plaintiffs argue that her civil RICO claim is not time-barred because her claim was tolled during the pendency of her criminal charges. However, the authority cited by plaintiffs provides for tolling only of section 1983 claims, not of civil RICO claims. See Harding v. Galceran, 889 F.2d 906, 908 (9th Cir. 1989). The court also finds that, even if Earle's RICO claim were found not to be time-barred, that defendants would be prejudiced by its addition to the complaint.

The court finds that, to the extent that plaintiff Lee seeks to add claims under section 1983 for malicious and retaliatory prosecution against current defendants Vincelet and Aiello, the motion for leave to amend is GRANTED. However, to the extent that plaintiff Lee seeks to add any other claims against any other defendants, the motion is DENIED.

Finally, as to category (3), the court has already addressed the proposed addition of Mortimer as a defendant, and has partially addressed the proposed addition of Koch as a defendant. The remaining issues before the court are whether plaintiffs can amend their complaint to add Bittner as a defendant in connection with his alleged involvement in the search of current plaintiffs Sean O'Toole and Kelley O'Toole, and whether plaintiffs can amend their complaint to add Koch as a defendant in connection with his alleged involvement in the search of current plaintiffs Sean O'Toole, Kelley O'Toole, and Steven Daniel Lee.

Under Rule 15, a new defendant may be made party to an existing complaint if (1) the claim arose out of the same conduct, transaction, or occurrence; (2) the new defendants received sufficient notice of the original action within 120 days so as not to be prejudiced in defending on the merits; and (3) the new defendants knew or should have known that "but for a mistake concerning the proper party's identity" the complaint would have included them. Fed. R. Civ. P. 15(c)(1)(C).

Defendants do not dispute that these proposed amendments arise out of the same conduct, transaction, or occurrence as the allegations of the original complaint. However, they argue that Koch and Bittner were not given notice of the original action within 120 days of its filing, and argue that there was no "mistake" regarding their identity. Defendants admit that "the Ninth Circuit has yet to rule on whether a lack of knowledge of the identity of an individual at the time of the filing of a complaint is a 'mistake' regarding his/her identity for purposes of Rule 15(c)," but cites a district court case (which in turn cites cases from other courts of appeal) holding that lack of knowledge is not a "mistake." See Butler v. Robar Enterprises, Inc., 208 F.R.D. 621, 623 (C.D. Cal. 2002).

The court notes that other Northern District courts have held that "[t]he Ninth Circuit seems to construe the mistake requirement more liberally to allow amendment in some cases where the previously unknown defendants were identified only after the statute of limitations had run." See Abels v. JBC Legal Group, P.C., 229 F.R.D. 152, 158 (N.D. Cal. 2005) (citing Kilkenny v. Arco Marine Inc., 800 F.2d 853 (9th Cir. 1986)); see also In re Brocade Communications Systems, Inc. Derivative Litigation, 615 F.Supp.2d 1018, 1041 (N.D. Cal. 2009) ("If these Defendants were omitted because they were unknown to the plaintiff at the time the complaint was filed, then amendment may be proper.") (citing Kilkenny). The court adopts this reasoning, and GRANTS plaintiffs' motion to add Bittner as a defendant, to the extent that current plaintiffs Sean O'Toole and Kelley O'Toole assert claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1964(c) arising from the search described in the original complaint, and GRANTS plaintiffs' motion to add Koch as a defendant, to the extent that current plaintiffs Sean O'Toole, Kelley O'Toole, and Steven Daniel Lee assert claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1964(c) arising from the searches described in the original complaint.

In summary, plaintiffs' motion for leave to file a second amended complaint is GRANTED only on the following, limited bases: (1) addition of section 1983 claims for malicious/retaliatory prosecution brought by current plaintiff Lee against current defendants Vincelet and Aiello, (2) addition of claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1964(c) against new defendants Bittner and Koch related to the searches of Sean O'Toole, Kelley O'Toole, and Steven Daniel Lee as described in the original complaint. To the extent that plaintiffs seek to make any other additions to the complaint, the motion is DENIED.

Accordingly, the court rejects the proposed second amended complaint filed by plaintiffs. Plaintiffs' second amended complaint shall conform to the rulings herein and shall be filed within 28 days of the date of this order. Defendants shall have 21 days thereafter to answer or otherwise respond to the complaint. No new claims or parties may be added except as permitted by this order.

Finally, the court has before it two motions to seal. The first motion, filed by plaintiffs, seeks the sealing of four FBI reports produced in discovery. In connection with that motion, Assistant U.S. Attorney Harley M.K. West filed a supporting declaration (pursuant to Civil Local Rule 79-5(e)) regarding the sealing of those FBI reports, and then also filed a motion to seal the supporting declaration itself.

Both motions are GRANTED, however, the court must point out a number of deficiencies with the filing of plaintiffs' motion. First, plaintiffs submitted to the court only a redacted version of the documents to be sealed and a clean, unredacted version of the documents. Civil Local Rule 79-5(d)(2) requires parties to submit a courtesy copy "with the portions to be sealed highlighted or clearly noted as subject to a sealing motion." (emphasis added). After the court first received non-compliant courtesy copies, it issued an order that specifically noted the requirement to submit "an unredacted version of the document indicating, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." See Dkt. 79. Despite the court's order, plaintiffs' second attempt at providing courtesy copies still failed to comply with this requirement.

Second, plaintiffs' first set of courtesy copies also failed to include tabs for each of the exhibits. While plaintiffs second set of courtesy copies did indeed include tabs, the tabs were numbered in a way that did not correspond to the actual exhibits. Specifically, the documents to be sealed were marked as exhibits A through D, but the tabs on the redacted version were numbered 12 through 15, and the tabs on the redacted version were numbered 18 through 21.

Third, plaintiffs' motion to seal did not explain how/where these sealed exhibits fit into the context of the underlying motion for leave to amend the complaint. The motion to seal itself is titled "plaintiffs' administrative motion to file under seal exhibits in Tim A. Pori's declaration in support of plaintiffs' motion for leave to amended [sic] the first amended complaint." However, the declaration filed in support of the motion for leave (Dkt. 61-2) lists only one exhibit – the proposed amended complaint itself.

The declaration attached to the motion to seal is titled "declaration of Tim A. Pori in support of plaintiffs' administrative motion to file under seal exhibits in support of plaintiffs' reply to defendants' opposition to plaintiffs' motion for leave to amend the first amended complaint." This heading indicates that the to-be-sealed exhibits are part of the Pori reply declaration (Dkt. 82), which does have ten attached exhibits. However, the exhibits attached to the Pori reply declaration (which are marked as exhibits A through J) appear to be completely separate from the exhibits for which sealing is sought – the reply declaration has its own exhibits A through D, which are not the same as the exhibits A through D that are attached to the motion to seal. In short, it appears that the four to-be-sealed exhibits appear only as attachments to the motion to seal, and not part of any other filing – which would be less problematic if plaintiff did not expressly refer to them as being part of either (1) the Pori declaration filed in connection with the opening motion, or (2) the Pori declaration filed in support of the reply brief – especially since the Pori reply declaration has its own, separate exhibits A through D.

The court notes that this case is still in its early stages, and advises plaintiffs' counsel that he must comply with this court's local rules, and that future deficient filings will simply be stricken.

**IT IS SO ORDERED**.

Dated: October 20, 2014

PHYLLIS J. HAMILTON
United States District Judge