UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'TOOLE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF ANTIOCH, et al.,<br><br>    Defendants. | Case No. 11-cv-01502-PJH   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 119 |

## INTRODUCTION

Pending before the Court is the parties' Joint Discovery Letter disputing whether the Defendants[1] may depose and obtain documents from Plaintiffs' investigator. Dkt. No. 119. Having considered the parties' positions, relevant legal authorities, and the record in this case, the Court issues the following order.

## BACKGROUND

This Section 1983 action, initially filed on March 29, 2011, arises out of the arrests and related searches and seizures of Plaintiffs Sean O'Toole, Kelley Barbara O'Toole, Steven Daniel Lee, Jennifer Lynn Curtis, and Jack Foster ("Plaintiffs") and their property throughout 2007 and 2010 by the Antioch Police Department ("APD") and other agencies. Compl., Dkt. No. 1. Plaintiffs filed their Third Amended Complaint on November 24, 2014. Dkt. No. 95.

---

[1] For purposes of this Order, "Defendants" refers to the City of Antioch, Antioch Police Department, James Hyde, Joshua Vincelet, James Wisecarver Jr., Steven Aiello, Steven Bergerhouse, Matthew Koch, Desmond Bittner, Leonard Orman, Ronald Krenz, Danielle Joannides, and Stephanie Chalk.

On January 23, 2015, the Defendants served Plaintiffs' investigator, Ralph Hernandez, Sr., with a subpoena for his deposition, originally set for February 17, 2015. Dkt. No. 116-1, Ex. A. Plaintiffs filed a Motion to Quash on February 5, 2015, which the Court denied without prejudice as the Motion did not comply with the undersigned's Discovery Standing Order. Dkt. Nos. 114 & 115. The parties have now met and conferred but were unable to resolve their dispute and therefore submitted this Joint Discovery Letter. *See* Jt. Ltr. at i.

Plaintiffs state that "Mr. Hernandez has been employed as an Investigator to assist Plaintiffs' Counsel in the rendition of legal services, not only in this case, but in underlying criminal cases that are part of the subject matter of this action." *Id.* at 2. According to Defendants, they wish to depose and obtain documents from Mr. Hernandez related to the following:

1. Mr. Hernandez's 31 page Report,[2] dated March 20, 2011, to the Contra Costa County District Attorney's Office regarding claimed improprieties of APD officers and allegations related to Plaintiffs. Dkt. No. 116-1, Ex. B. The Report contains references to Defendants Vincelet, Wisecarver, Orman, and other APD officers, as well as Plaintiffs and witnesses on behalf of Plaintiffs. *Id.*
2. Mr. Hernandez's Citizen Complaint to the APD in December 2013 related to Plaintiff Lee and Defendant Aiello. *Id.*, Ex. C.
3. Mr. Hernandez's two interviews with the FBI, on August 9, 2010 and on April 4, 2011, as well as documentation disclosed by Mr. Hernandez to the FBI regarding APD officers, Plaintiffs, and other relevant witnesses and issues. FBI Special Agent Kenneth J. Karch's declaration documented these interviews. *Id.*, Ex. D.

Jt. Ltr. at 4. Defendants also note that because Mr. Hernandez's son, Rafael Hernandez, was arrested in August 2008 via a search warrant obtained by Detective Vincelet, they may also wish to inquire into this incident "in terms of any waiver issues as well as bias and impeachment related issues." *Id.* at 4 n.2.

---

[2] Defendants refer to this Report as a "Manifesto," but Plaintiffs adamantly object to this characterization. *See* Jtr. Ltr. at 1, 3-4.

2

Plaintiffs oppose the subpoena, maintaining that "the communications between an attorney and an attorney's investigator are absolutely protected by the attorney client privilege absent a waiver by the clients." *Id.* at 1. They also assert that "any testimony sought from Mr. Hernandez regarding the contents of any work product prepared by Mr. Hernandez or Plaintiffs' counsel in anticipation of litigation would be privileged under the attorney work product doctrine." *Id*. at 2-3. They request that the Court quash the subpoena pursuant to Federal Rule of Civil Procedure ("Rule") 45(c)(3)(A)(iii). *Id.* at 3.

Defendants respond that "Plaintiffs cannot use Mr. Hernandez as both a sword and a shield, using him to provide detailed information/documentation to outside agents/agencies for some attempted advantage in underlying criminal actions and/or this civil action, while at the same time claiming a protection of that information/documentation he provided to third parties. *Id.* at 4-5. They assert that the substances of these communications and documentation are non-privileged or alternatively, waiver applies permitting their discovery. *Id.* at 5.

**DISCUSSION**

Originally, Plaintiffs' Motion sought only to quash the subpoena requiring Mr. Hernandez's deposition. Now, Plaintiffs request that the Court also strike documents Defendants submitted to the Court and order that Defendants be prevented from using one of those documents—Mr. Hernandez's Report—in the proceedings. Jt. Ltr. at 3. The Court considers each of these requests below.

**A.    Whether Mr. Hernandez's Deposition Should Be Quashed**

Rule 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Likewise, Rule 45 permits a court to quash or modify a subpoena when it requires disclosure of privileged or other protected matter, if no exception or waiver applies. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii). Plaintiffs assert that in ordering Mr. Hernandez to testify, the subpoena requires the disclosure of information protected by the attorney

3

client privilege and the work product doctrine.[3]

### 1. Attorney Client Privilege

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The privilege attaches when the following conditions are met:

> (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (quotation omitted). The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice. *Id.* If the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist. *Id.* The party asserting the attorney-client privilege—in this case, Plaintiffs—has the burden of establishing the relationship and privileged nature of the communication. *Id.*

Plaintiffs contend that the attorney-client privilege requires that the deposition be quashed in its entirety, because "any testimony sought from Mr. Hernandez will undoubtedly reveal communications that fall under the attorney-client privilege." Jt. Ltr. at 2. But Plaintiffs do not explain why they believe this to be the case. As Defendants point out, Plaintiffs "only broadly assert that Mr. Hernandez is an investigator and has been employed as Plaintiffs' counsel's agent in that capacity." *Id*. at 5. Plaintiffs present no basis for prohibiting Mr. Hernandez's deposition in its entirety.

"Blanket assertions [of the privilege] are 'extremely disfavored.'" *United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002), *as amended on denial of reh'g* (Mar. 13, 2002) (quoting *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)). Furthermore, "[n]ot all communications between attorney and client are privileged." *Clarke*, 974 F.2d at 129. "A party

---

[3] In federal question jurisdiction cases such as this one, federal law governs evidentiary privileges. Fed. R. Evid. 501; *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005).

claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted." *Martin*, 278 F.3d at 1000 (citation omitted). While Mr. Hernandez may have grounds for objecting during the deposition to prevent the disclosure of information protected under the attorney client privilege, Plaintiffs had provided no basis to prohibit Mr. Hernandez's deposition in its entirety under the privilege.

2. <u>Attorney Work Product</u>

The work-product doctrine covers materials prepared by agents of the attorney in preparation for litigation. *United States v. Nobles*, 422 U.S. 225, 238 (1975); *see also* Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."). "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *Richey*, 632 F.3d at 567 (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf)*, 357 F.3d 900, 907 (2004)). The party claiming the work-product privilege bears the burden of establishing that documents claimed as work product were prepared in anticipation of litigation. *See United States v. 22,80 Acres of Land*, 107 F.R.D. 20, 22 (N.D. Cal. 1985); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010).

Moreover, the work product doctrine does not protect facts from discovery. "[B]ecause the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product." *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (citations omitted). However, "opinion work product," which includes the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" is subject to a different standard. Fed. R. Civ. P. 26(b)(3)(B). Under Ninth Circuit law, such opinion work product is discoverable only if it is "*at issue* in the case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (emphasis in original).

Plaintiffs contend that the Court should prohibit Mr. Hernandez's deposition because "any testimony sought from Mr. Hernandez regarding the contents of any work product prepared by Mr. Hernandez or Plaintiffs' Counsel in anticipation of litigation would be privileged under the attorney work-product doctrine." Jt. Ltr. at 3. Even if the work product doctrine applied to such testimony, the problem with Plaintiffs' argument is again that it does not show that Mr. Hernandez's deposition should be prohibited in its entirety. Perhaps some of Mr. Hernandez's testimony may relate to work product prepared in anticipation of litigation, but that does not mean that the deposition should be prevented from going forward at all. Plaintiffs have a right to object during the deposition or if such testimony is used later as evidence; however, they have not established a basis for preventing Mr. Hernandez's deposition.

3.  Summary

In sum, Plaintiffs have failed to meet their burden to show why the subpoena for the deposition of Mr. Hernandez should be quashed on privilege grounds. Additionally, while it is unclear whether Plaintiffs sought to quash the subpoena's request for production of documents, if that was their intent, they have also not met their burden for such a request. When a person withholds "subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material" that person "must . . . expressly make the claim, and describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2). Likewise, the Ninth Circuit has held that to assert the attorney-client privilege, a party must "identify specific communications and the grounds . . . as to each piece of evidence over which privilege is asserted." *Martin*, 278 F.3d at 1000. And similarly, to seek protect under the work product privilege, a party should specifically identify which documents were prepared in anticipation of litigation. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1080-84 (N.D. Cal. 2002). As Plaintiffs have not specifically identified which of the requested documents may be protected and why, the Court does not address those specific documents in this Order.

**B.   Whether to Strike Dkt. Nos. 116 and 116-1**

Plaintiffs request that the Court strike the following: (1) Defendants' response to Plaintiffs'

6

original motion to quash, and (2) the exhibits accompanying that response. Jtr. Ltr. at 3 (referring respectively to Dkt. Nos. 116 and 116-1). Defendants filed these documents after this Court denied Plaintiffs' motion to quash without prejudice for failing to comply with the Discovery Standing Order. Jt. Ltr. at 3; *see also* Dkt. No. 115.

Furthermore, Plaintiffs contend that Defendants did not properly file Exhibit B—Mr. Hernandez's Report—which accompanied Defendants' late-filed response. Plaintiffs assert that Defendants should have filed the Report pursuant to Civil Local Rule 79-5(e), which requires documents designated as confidential to be filed under seal accompanied by an Administrative Motion to File Under Seal, and notifying the designating party that the document has been filed and giving them an opportunity to submit a declaration as to why the document or its contents are sealable. *Id.*; *see also* Civil L.R. 79-5(e). According to Plaintiffs, the Report was originally named "CONFIDENTIAL SUMMARY INFORMATION REPORT FOR THE CCC D.A.'S OFFICE," but in the document submitted to the Court, someone altered the document to say "AL SUMMARY INFORMATION REPORT FOR THE CCC D.A.'S OFFICE"—which Plaintiffs state indicates that someone has "attempted to obliterate the word confidential from the document." Jt. Ltr. at 1. Plaintiffs contend that the document was designated as confidential and that the Defendants should have treated it as such. *Id.* Defendants "vigorously deny the implication that they had anything to do with altering anything in such Manifesto." *Id.* at 3. They assert that they "have not e-filed any confidential documents subject to the Stipulated Protective Order" and state that "the subject Manifesto has been disseminated widely by Mr. Hernandez and obtained by Defendants." *Id.*

First, as to the response document filed at Dkt. No. 116, the Court did not consider this document in deliberating on this discovery issue; the Court only considers the parties' Joint Discovery Letter. As the Court had already denied without prejudice Plaintiffs' Motion to Quash, *see* Dkt. No. 115, Defendants' response was procedurally improper, but the Court declines to strike it at this time. Striking the document would be a purely administrative action, with no impact on the merits or substance of this Order.

To the extent Plaintiffs ask this Court to strike the evidence submitted in Dkt. No. 116-1,

the Court will not strike those documents at this time. Those documents include (1) Plaintiffs' counsels' declaration authenticating the attached exhibits; (2) Exhibit A, which is Defendants' subpoena of Mr. Hernandez; (3) Exhibit B, which is Mr. Hernandez's Report, referenced above; (4) Exhibit C, which is Mr. Hernandez's Citizen Complaint; and (5) Exhibit D, the Declaration of FBI Special Agent Kenneth J. Karch. *See* Dkt. No. 116-1. Plaintiffs have not shown why this evidence should be stricken, except for contending that Exhibit B, Mr. Hernandez's Report, is arguably subject to the protections of Civil Local Rule 79-5(e).

In that regard, Plaintiffs have raised some doubt that the Report may have been originally marked and labeled "confidential," but they have provided no evidence to prove this fact, such as a declaration from Mr. Hernandez or others with knowledge. Nor have they indicated that the Defendants knew that this document was marked confidential before filing it. "Confidential" is not the only word ending in the letters "AL," and the Court will not jump to conclusions based on the current evidence before it. Should Plaintiffs or others seek a protective order to seal this document, they may do so by showing good cause pursuant to Rule 26(c)(1). *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding the disclosure" or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.").

**C.     Whether the Defendants Should Be Prevented From Using the Report**

Plaintiffs also request the Court to "order that defendants should be prevented from using the document in these proceedings." Jt. Ltr. at 3. Presumably, Plaintiffs are referring to Mr. Hernandez's Report. As Defendants already have the Report, the issue before the Court is not whether Defendants may discover this information; rather, the only issue is whether Defendants may use this document in this case.

Plaintiffs provide no facts suggesting that the Report was inadvertently disclosed and subject to any of the Federal Rules' claw-back provisions to protect its use and disclosure.[4]

---

[4] Plaintiffs assert that Defendants should be prohibited from using Mr. Hernandez's Report "because it was obtained in violation of Rule 26." Jt. Ltr. at 3. Plaintiffs state that they do not

8

Instead, it appears to be Plaintiffs' contention that this document is protected by the attorney client privilege or as attorney work product. As with Mr. Hernandez's deposition, Plaintiffs have failed to show that this document is protected under either protection.

First, as to attorney client privilege, Plaintiffs have not established how Mr. Hernandez's Report was "made for the purpose of giving legal advice" to Plaintiffs, or that Plaintiffs sought legal advice from Mr. Hernandez by making statements to him. *Richey*, 632 F.3d at 566 (rejecting application of the attorney-client privilege where documents were made neither for the purpose of providing legal advice nor as communications). Nor have they shown that Mr. Hernandez made this report in his capacity as Plaintiffs' legal adviser or that it contains communications made in confidence. *See id.* It is Plaintiffs' burden to demonstrate why the document is protected by the attorney-client privilege (*id.*), but they have failed to do so here.

Second, as to whether Mr. Hernandez's Report is protected as attorney work product, Plaintiffs have failed to show that this document was created in anticipation of litigation. *See Richey*, 632 F.3d at 567; *see also* Fed. R. Civ. P. 26(b)(3)(A). "The Supreme Court has held that the work product doctrine applies to documents created by investigators working for attorneys, provided the documents were created in anticipation of litigation." *In re Grand Jury Subpoena*, 357 F.3d at 907 (citing *Nobles*, 422 U.S. at 239). The Supreme Court explained that "[a]t its core, the work-product doctrine shelters the mental processes of the attorney [and his agent], providing a privileged area within which he can analyze and prepare his client's case." *Nobles*, 422 U.S. at 238-39.

Plaintiffs provide very little argument as to why this document was created or why it was submitted to the Contra Costa County District Attorney's Office. Plaintiffs state that "[a]t the time that Mr. Hernandez provided information to the [Contra Costa County District Attorney's office and the FBI,] his intent was to report alleged criminal activity during an investigation by the

---

know how Defendants came to obtain the Report (*id.* at 1), but they do not explain how Rule 26 has been violated by Defendants' possession of this document. Defendants state they obtained the Report because it was "disseminated widely by Mr. Hernandez." *Id.* at 3. As Plaintiffs have not indicated how Defendants' possession of the Report violates Rule 26, the Court finds no grounds for prohibiting its use under this Rule.

9

1   F.B.I., which resulted in the Federal prosecution, conviction, and incarceration of at least three of
2   the defendants in this case." Jt. Ltr. at 1.  Plaintiffs reiterate elsewhere that Mr. Hernandez
3   intended this document to be used to "report a crime." *Id.*
4       The problem here is that while Plaintiffs state that the attorney work product protection
5   applies to "documents prepared by an attorney or the attorney's agent to analyze and prepare the
6   client's case," (Jt. Ltr. at 2, *citing United States v. Smith*, 502 F.3d 680, 689 (7th Cir. 2007)), they
7   have not shown how Mr. Hernandez's Report was created to analyze or prepare their case. *Cf.*
8   *Nobles*, 422 U.S. at 238-39.  There is no indication in their argument or elsewhere that Mr.
9   Hernandez created this Report to help Plaintiffs or their attorneys for this case or otherwise.
10  While Mr. Hernandez may have hoped that his report would spur some action on the part of the
11  Contra Costa County District Attorney's Office that might ultimately lead to legal action against
12  some of the individuals accused in the report, Plaintiffs have not shown that the Report was used
13  to advise or defend Plaintiffs in anticipation of litigation. *Cf. In re Grand Jury Subpoena*, 357
14  F.3d at 909 ("The withheld documents, however, just like the others, were prepared by Torf, at
15  least in part, to help McCreedy advise and defend Ponderosa in anticipated litigation with the
16  government.").  Furthermore, even if "Mr. Hernandez has been employed as an Investigator to
17  assist Plaintiffs' Counsel in the rendition of legal services . . . in this case [as well as] underlying
18  criminal cases that are part of the subject matter of this action," (Jt. Ltr. at 2), Plaintiffs have
19  provided no evidence that Mr. Hernandez made his Report in his role as Plaintiffs' Investigator or
20  to assist Plaintiffs' counsel in either the criminal or civil proceedings.  Nor did Plaintiffs provide
21  any evidence that Mr. Hernandez was their or their attorney's agent at the time he submitted the
22  Report, which is dated March 20, 2011, nine days before Plaintiffs filed their initial Complaint on
23  March 29, 2011.
24      Plaintiffs have not established that this Report was prepared in anticipation of litigation in
25  the way contemplated by the attorney work product doctrine.  While Plaintiffs may have grounds
26  for objecting during the deposition to questions relating to the attorney work product or attorney-
27  client privileges, without more, Plaintiffs have not shown why the Report may not be used at all.
28  As the burden rests with the party asserting the privilege or protection, Plaintiffs have failed to

meet their burden to show that the Report is protected.

## CONCLUSION

In light of the foregoing analysis, the Court DENIES Plaintiffs' Motion to Quash the subpoena to Mr. Hernandez as well as their request to prohibit the use of Mr. Hernandez's Report in this case. The Court further DENIES Plaintiffs' request to strike the documents at Dkt. Nos. 116 and 116-1.

**IT IS SO ORDERED.**

Dated: April 14, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge