UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'TOOLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF ANTIOCH, et al.,<br><br>    Defendants. | Case No. 11-cv-01502-PJH   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 120 |

## INTRODUCTION

Before the Court is Plaintiffs' Motion to compel the deposition testimony of Defendant Christopher Butler. Dkt. No. 120. Butler appeared for his deposition on March 21, 2015, but according to Plaintiffs, he almost immediately invoked his Fifth Amendment right to silence and refused to answer any questions during the deposition. *Id.* at 1. Butler filed a response to Plaintiffs' Motion on April 7, 2015. Dkt. No. 123. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

This Section 1983 action, initially filed on March 29, 2011, arises out of the arrests and related searches and seizures of Plaintiffs Sean O'Toole, Kelley Barbara O'Toole, Steven Daniel Lee, Jennifer Lynn Curtis, and Jack Foster ("Plaintiffs") and their property throughout 2007 and 2010 by the Antioch Police Department ("APD") and other agencies. Compl., Dkt. No. 1. Plaintiffs filed their Third Amended Complaint on November 24, 2014. Dkt. No. 95 ("TAC").

Plaintiffs noticed Butler's deposition to be taken on March 21, 2015 at the Federal Correctional Institution in Littleton, Colorado where Butler is housed. Mot. at 1; Resp. at 2. The deposition was held in front of a counselor employed by the correctional facility. Resp. at 2.

Plaintiffs stated that "none of the defendants [sic] counsel was present at the prison for the deposition." Mot. at 1. While Butler appeared for his deposition, according to Plaintiffs, he almost immediately invoked his Fifth Amendment right to silence and refused to answer any questions. *Id*.

According to Plaintiffs' Complaint, Butler was a private investigator who worked with other co-Defendants at the APD from 1989 until his employment was terminated in 1996. TAC ¶ 60. Butler has previously testified in the case of *United States v. Tanabe*, Case No. 11-0941-CRB, where Plaintiffs state that Butler admitted to crimes including conspiracy to distribute marijuana and methamphetamine. Mot. at 1. Specifically, Plaintiffs state that Butler admitted that he conspired with the head of the drug task force to steal drugs from the task force evidence locker, aided and abetted in the theft from a program that received federal funds, and also committed extortion and Hobbs Act robbery. *Id*. According to Plaintiffs, Butler received a "substantial prison sentence reduction" following this testimony. *Id.*

Plaintiffs contend that "[b]ecause Mr. Butler spoke extensively about his criminal behavior, his testimony about his criminal behavior and relationships with the other related Antioch Defendants and [Defendant] Norman Wielsch, his testimony in this case is relevant and admissible to prove Butler's direct involvement and the involvement of the co-defendants in the conspiracy to commit RICO acts against Plaintiffs." *Id.* at 1-2. Neither party attached a copy of the transcript from the deposition, nor did they include any declarations or other evidence of the sorts of questions that Plaintiffs asked of Butler at the deposition.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "What is privileged is defined by the Federal Rules of Evidence; these rules include the privilege against self-incrimination." *Campbell v. Gerrans*, 592 F.2d 1054, 1056 (9th Cir. 1979) (citing *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947)). The Fifth Amendment privilege is intended to be a shield against compulsory self-incrimination. *United States v. Rylander*, 460 U.S. 752, 758 (1983). "Because the privilege is constitutionally based, . . . the competing interests of

2

the party asserting the privilege, and the party against whom the privilege is invoked must be carefully balanced, and the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) (citation and quotation marks omitted). District courts have discretion in responding to a party's invocation of the Fifth Amendment privilege against self-incrimination. *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 37, when an adverse party fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(1). In particular, this type of motion may be made if a deponent fails to answer a deposition question: "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(B)(i) & 37(a)(4). If the motion is granted and the deponent thereafter fails to comply with the court's order to answer a deposition question, the failure may be treated as contempt of court and the court may issue a variety of sanctions. *See* Fed. R. Civ. P. 37(b).

## DISCUSSION

The issue arising from this dispute is whether Butler can be compelled to testify in his deposition. Plaintiffs agree that "a party is shielded from compulsory discovery in a civil action if a risk of self-incrimination is involved[,]" but assert that at this time "Butler can offer no evidence of fear of prosecution after cooperating with the state and federal government and being sentenced." Mot. at 3. As the testimony Plaintiffs seek "is the product of FBI 302 reports and Mr. Butler's trial testimony in the Tanabe case[,]" Plaintiffs argue that Butler's invocation of the privilege against self-incrimination is a "sham." *Id.*

Butler makes two primary arguments in response: (1) that without the transcript or some indication of the questions that Plaintiffs asked at Butler's deposition, the Court cannot rule on the propriety of Butler's invocation of the privilege; and (2) that the testimony Plaintiffs seek relates to Butler's prior testimony and statements in and related to the *Tanabe* case, and therefore Plaintiffs do not need Butler's testimony at all, but rather can use his testimony and related documents in the *Tanabe* case to establish the same facts they need in this case. Resp. 1-5.

As to Butler's first argument, the Ninth Circuit has held that "in the civil context, the invocation of the privilege [against self-incrimination] is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000) (citation omitted). "Therefore, the 'privilege against self-incrimination does not depend upon the *likelihood,* but upon the *possibility* of prosecution' and also covers those circumstances where the disclosures would not be directly incriminating, but could provide an indirect link to incriminating evidence. *Id.* (emphasis in original; citation omitted). As neither party provided the transcript or any indication of the specific questions Plaintiffs asked Butler, the Court cannot assess whether Butler properly invoked the privilege with respect to specific questions. *Cf. Universal Trading & Inv. Co. v. Kiritchenko*, 2007 WL 2300740, at *3 (N.D. Cal. Aug. 2, 2007) ("As detailed in the transcript excerpts provided by Plaintiff, Defendant's counsel did not limit his instructions not to answer to privilege grounds.").

Nonetheless, to the extent Butler completely refused to answer any questions in his deposition, the Court cannot condone such a blanket refusal. "The only way the privilege can be asserted is on a question-by-question basis, and thus as to each question asked, the party has to decide whether or not to raise his Fifth Amendment right." *Glanzer*, 232 F.3d at 1263. Thus, "to the extent Defendant is claiming a Fifth Amendment privilege regarding his deposition testimony, he must attend the deposition, be sworn under oath, and answer all questions that do not pose a risk of self-incrimination." *United States v. Hansen*, 233 F.R.D. 665, 668 (S.D. Cal. 2005). He may assert the privilege in response to a question if he "reasonably believes" a direct answer would result in self-incrimination. *See id.*; *see also Glanzer*, 232 F.3d at 1263. "He should be aware, however, that assertion of the Fifth Amendment privilege in a civil case can lead to adverse consequences, including exclusion of evidence, preclusion of testimony, or drawing of an adverse inference by the trier of fact." *Hansen*, 233 F.R.D. at 668 (collecting cases).

As to Butler's second argument, to the extent that Butler argues his deposition testimony is unnecessary, he has not made an adequate showing at this time for the Court to prohibit the

4

deposition in its entirety. A court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). Alternatively, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery or (2) conditioning disclosure or discovery on specified terms. Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 30(d)(3).

While Butler has indicated that the deposition testimony sought by Plaintiffs might be subject to limitations provided by Rule 26, he also acknowledges that "there is nothing before this Court to show what areas of inquiry [Plaintiffs] w[ere] seeking in this civil matter[.]" Resp. at 3. As a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" (Fed. R. Civ. P. 26(b)(1)), Butler has not yet shown that a limitation on Plaintiffs' discovery is appropriate. Furthermore, if Butler wished to limit the extent of discovery, pursuant to the undersigned's Discovery Standing Order, the parties must have met and conferred on that issue before presenting it to the Court. As there is no indication that the parties met and conferred on that specific issue, the Court declines to address it here.

**CONCLUSION**

In light of the foregoing, Plaintiffs' Motion to Compel is **GRANTED**. **By May 15, 2015**, Defendant Butler shall submit himself to a deposition, and the parties shall cooperate to find a mutually agreeable date and time for the deposition. IT IS FURTHER ORDERED that if, after listening to a question, Defendant has reasonable cause to believe a direct answer implicates his Fifth Amendment privilege, he may invoke the privilege on a question-by-question basis. An objection based on a claim of privilege should, without revealing the privileged information, state

the basis for the claim of privilege on the record.  *See* Fed. R. Civ. P. 26(b)(5).  *The failure of Defendant to submit to a deposition in compliance with this Order will be grounds for the imposition of sanctions under Rule 37, which may include monetary sanctions, exclusion of evidence, or entry of default judgment.*

**Alternatively**, if the parties are so able, they may stipulate to the authenticity and admissibility of other evidence making the deposition of Defendant Butler unnecessary.  In the event that the parties arrive at such an agreement, they shall file that stipulation by **May 15, 2015**.

**IT IS SO ORDERED.**

Dated: April 14, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge