```
 1                 UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                          ---oOo---

 4   SEAN O'TOOLE, KELLEY O'TOOLE,      )
     STEVEN DANIEL LEE, JENNIFER LYNN   )
 5   CURTIS, and JACK FOSTER,           )
                                        )
 6               Plaintiffs,            )
                                        )
 7            vs.                       )No. CV-11-01502 PJH
                                        )
 8   CITY OF ANTIOCH, ANTIOCH POLICE    )
     DEPARTMENT, JAMES HYDE, CHIEF OF   )
 9   ANTIOCH POLICE DEPARTMENT, NORMAN  )
     WIELSCH, JOSHUA VINCELET, JAMES    )
10   WISECARVER JR., STEVEN AIELLO,     )
     AND DOES 1-20, inclusive,          )
11                                      )
                 Defendants.            )
12   _____)

13

14

15

16               DEPOSITION OF MATTHEW KOCH

17                   Vallejo, California

18                     March 17, 2015

19

20

21

22   ATKINSON-BAKER, INC.
     COURT REPORTERS
23   (800) 288-3376
     www.depo.com
24   REPORTER: LAURA AXELSEN, CSR 6173
     FILE NO.:  A902FA3
25
```

```
 1                    UNITED STATES DISTRICT COURT

 2                  NORTHERN DISTRICT OF CALIFORNIA

 3                            ---oOo---

 4   SEAN O'TOOLE, KELLEY O'TOOLE,    )
     STEVEN DANIEL LEE, JENNIFER LYNN )
 5   CURTIS, and JACK FOSTER,         )
                                      )
 6                  Plaintiffs,       )
                                      )
 7            vs.                     ) No. CV-11-01502 PJH
                                      )
 8   CITY OF ANTIOCH, ANTIOCH POLICE  )
     DEPARTMENT, JAMES HYDE, CHIEF OF )
 9   ANTIOCH POLICE DEPARTMENT, NORMAN)
     WIELSCH, JOSHUA VINCELET, JAMES  )
10   WISECARVER JR., STEVEN AIELLO,   )
     AND DOES 1-20, inclusive,        )
11                                    )
                    Defendants.       )
12   _____)

13                            --oOo--

14        BE IT REMEMBERED THAT, pursuant to Notice and on

15   Tuesday, March 17, 2015 at 9:19 a.m. thereof at 521

16   Georgia Street, Vallejo, California, before me, LAURA

17   AXELSEN, a Certified Shorthand Reporter, personally

18   appeared

19                         MATTHEW KOCH,

20   called as a witness by the plaintiffs.

21                            ---oOo---
```

| | | |
|---|---|---|
| 1 | THE WITNESS:  Not necessarily. | 09:56:12 |
| 2 | MR. PORI:  Q.  Can you give me some | |
| 3 | instances where you would not write a report when you | |
| 4 | respond to a location to assist an officer with the use | |
| 5 | of your K-9? | 09:56:21 |
| 6 | A.  Uhm, what do you mean, like -- | |
| 7 | Q.  Well, under what circumstances would it -- | |
| 8 | would you not write a report if you had come to assist a | |
| 9 | police officer, another officer, with your dog? | |
| 10 | A.  Oh, with -- with my dog? | 09:56:39 |
| 11 | Q.  Yeah. | |
| 12 | A.  Uhm -- | |
| 13 | MR. BLECHMAN:  Overbroad.  Incomplete | |
| 14 | hypothetical.  You can respond. | |
| 15 | THE WITNESS:  It could be doing an article | 09:56:49 |
| 16 | search of a certain location to where either it may have | |
| 17 | been or may not have been and nothing was found or, uhm, | |
| 18 | a missing juvenile or missing persons, and you tried to | |
| 19 | do a trail, and it revealed to unsuccessful. | |
| 20 | MR. PORI:  Q.  Okay. So is it fair to say | 09:57:14 |
| 21 | that the City of Antioch does not require a report be | |
| 22 | written whenever there's a response to a particular | |
| 23 | location, uhm, when you're -- when you're bringing your | |
| 24 | K-9 with you? | |
| 25 | A.  It's not necessarily required all the time, | 09:57:26 |

| | | |
|---|---|---|
| 1 | no. | 09:57:29 |
| 2 | Q. So how is it determined under what | |
| 3 | circumstances a report should be written -- written and | |
| 4 | the circumstances under which a report should not be | |
| 5 | written? | 09:57:37 |
| 6 | A. I think it's more of a case-by-case situation | |
| 7 | as far as what is presented in front of you and what is | |
| 8 | needed to be documented. | |
| 9 | Q. Okay. Uhm, by the time that you had arrived, | |
| 10 | had Detective Vincelet told you how he found a -- a safe | 09:58:01 |
| 11 | near the console where your dog alerted to? | |
| 12 | A. I don't recall. | |
| 13 | Q. Were -- were you there when he located the | |
| 14 | safe? | |
| 15 | A. I don't recall. | 09:58:19 |
| 16 | Q. Okay. | |
| 17 | MR. BLECHMAN: He being Vincelet? | |
| 18 | MR. PORI: Q. Yeah, Vincelet. | |
| 19 | Did you participate in the investigation of a | |
| 20 | shooting of David Lopez? | 09:58:45 |
| 21 | A. Yes. | |
| 22 | Q. In the City of -- what do you know about your | |
| 23 | investigation regarding the shooting of David Lopez? | |
| 24 | A. I was one of the involved officers. | |
| 25 | Q. What did you do during the investigation in | 09:59:00 |

| | | |
|---|---|---|
| 1 | decision about whether or not to write a report | 10:50:35 |
| 2 | pertaining to your involvement is left up with you? | |
| 3 |     A.   I think it's left up to the individual officer | |
| 4 | and the totality of the circumstances. | |
| 5 |     Q.   Is that part of your training about when -- | 10:50:50 |
| 6 | when to write a report and when not to write a report? | |
| 7 |     A.   I guess it could be, yeah.  I don't know.  I | |
| 8 | mean, what are -- what are you referring to?  Is it, | |
| 9 | like, training -- | |
| 10 |     Q.   Well, you say it can be depending on the | 10:51:13 |
| 11 | circumstances, right? | |
| 12 |     A.   Right. | |
| 13 |     Q.   Whether it -- left up to the officer to | |
| 14 | determine based on the totality of the circumstances | |
| 15 | whether to write a report; is that your testimony? | 10:51:21 |
| 16 |     A.   Yes. | |
| 17 |     Q.   Okay.  So how is it a decision is made whether | |
| 18 | or not based upon the totality of the circumstances | |
| 19 | it's -- it is required to write -- that an officer write | |
| 20 | a report? | 10:51:32 |
| 21 |     A.   It's based on facts, what -- what has | |
| 22 | transpired, what is located, what is seen, what is heard | |
| 23 | as far as the relevance of the overall subject matter. | |
| 24 |     Q.   Okay.  Who makes the call about whether or not | |
| 25 | the officer's conduct is relevant -- sufficiently | 10:51:52 |

```
 1   relevant to require a -- a writing of a report?            10:51:55
 2        A.   It could --
 3             MR. BLECHMAN:  Incomplete -- incomplete
 4   hypothetical.  Vague.  Ambiguous.  Overbroad.  Go ahead.
 5             THE WITNESS:  It could be individual.  It        10:52:02
 6   could be your -- the other officer that's present.  It
 7   could be a supervisor.  Uhm, it could be just about
 8   anyone.  I mean --
 9             MR. PORI:  Q.  But no written policy about
10   report writing and -- there is no written report           10:52:23
11   policy -- there is no written policy about report
12   writing at the Antioch Police Department; is that fair
13   to say?
14        A.   You know, I don't recall.
15        Q.   When was the last time you looked at your        10:52:51
16   Antioch Police Department regulations manual?
17        A.   Uhm, been a couple of months at least.
18        Q.   Okay.  And do you know if there's anything
19   there about report writing?
20             MR. BLECHMAN:  Overbroad.  Vague and              10:53:13
21   ambiguous.  You can respond.
22             MR. PORI:  Q.   In the Antioch Police
23   Department regulations manual, is there anything in
24   there about report writing?
25             MR. BLECHMAN:  Same objection.                   10:53:19
```

# CERTIFICATE

I, the undersigned, a Certified Shorthand Reporter, State of California, hereby certify that the witness in the foregoing deposition was by me first duly sworn to testify to the truth, the whole truth, and nothing but the truth in the within-entitled cause; that said deposition was taken at the time and place therein stated; that the testimony of the said witness was reported by me, a disinterested person, and was thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete, and true record of said testimony; and that the witness was given an opportunity to read it and, if necessary, correct said deposition and to subscribe the same; that prior to the completion of the foregoing deposition, review of the transcript was requested.

I further certify that I am not of counsel or attorney for either or any of the parties in the foregoing deposition and caption named, nor in any way interested in the outcome of the cause named in said caption.

Executed this 27th day of March, 2015.

_____
LAURA AXELSEN, C.S.R. 6173